IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW J. TYAHLA, SR., | : | |
| **Plaintiff** | : | |
| | : | No. 1:24-cv-330 |
| v. | : | |
| | : | **(Judge Rambo)** |
| JAMES YOUNGKIN, SR. *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 in which *pro se* Plaintiff Andrew J. Tyahla, Sr. ("Tyahla") alleges violations of his civil rights by various employees of Carbon County Correctional Facility ("CCCF"). In accordance with the Prison Litigation Reform Act ("PLRA"), the court has conducted an initial review of Tyahla's complaint. For the reasons set forth below, the court will dismiss the complaint without prejudice and grant Tyahla leave to file an amended complaint.

I.   **BACKGROUND**

Tyahla filed this case on February 11, 2024, and the court received and docketed the complaint on February 27, 2024. (Doc. No. 1.) The complaint makes the following allegations:

1. On 11/23/2023 I was arrested because I didn't report to turn myself into the prison on time[.] I was in the hospital with a broken face and immediately after being released and scheduled for surgery I was taken to Carbon County Correctional Facility[.] I showed them my paperwork and requested they at least make

       sure I got my facial surgery[.]  [A]nd today is Feb. 10, 2024, and they still haven't done anything for me and leave me [to] sit here in pain[.]
2. Price g[ou]ging[.]  [W]e are charged [illegible] for the same items that cost 29¢ up state[.]
3. Inadequate law library[.]  [W]e aren't given lawbooks.  [T]hey put us in a room for law library with a computer that's not online and is extremely limited to do any legal research[.]
4. We aren't afford[ed] freedom of religion[.]
5. There is no counselor in the facility[,] and we aren't afforded calls to attorneys[.]
6. When put into RHU you are not afforded any calls no matter how long you['re] in there.  [Y]ou should at last get 1 call a month if not a week.
7. There is black mold all throughout the facility[.]
8. Nurses violate the H[IPPA] law and give inadequate treatment[.]

(Doc. No. 1 at 5. (bracketed corrections added).)  The complaint asserts that these facts amount to violations of Tyahla's constitutional rights.  (*Id.* at 6.)  Tyahla seeks damages and injunctive relief.  (*Id.* at 6-7.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding *in forma pauperis*.  28 U.S.C. § 1915(e)(2).  If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint.  *Id.*  In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. conclusory statements "are not entitled to the assumption of truth." *Id.* at 679.

Additionally, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* "is to be liberally construed." *Estelle*, 429 U.S. at 106. A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

### A. Tyahla's Complaint

Tyahla has filed his complaint pursuant to Section 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*

To state a claim under Section 1983, a plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of*

4

*Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode*, 845 F.2d at 1207). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. *Rode*, 845 F.2d at 1207.

The court will dismiss Tyahla's complaint without prejudice. The complaint does not make any nonconclusory factual allegations that are entitled to the assumption of truth and instead relies exclusively on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678. Furthermore, even if the complaint did make factual allegations, the complaint additionally fails to state a claim because it fails to allege the personal involvement of any defendants. No individual defendants are named in the complaint's factual allegations, and Tyahla's vague references to "they" and "nurses" are not sufficient to allege personal involvement. Thus, the court will dismiss the complaint for failure to state a claim upon which relief may be granted.

B.   **Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a court dismisses a claim that is merely deficient. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the

merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the court finds that granting Tyahla leave to amend is appropriate because the court cannot say at this time that amendment of the complaint would be futile or unjust.

## IV.   CONCLUSION

The court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted and grant Tyahla leave to file an amended complaint. An appropriate order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Dated: April 16, 2024